UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Nolan Williams</u>

   v.                                                                 Case No. 22-cv-564-JL

<u>Warden, FCI Berlin</u>[1]

**<u>REPORT AND RECOMMENDATION</u>**

    Before the court, in this petition (Doc. No. 1) for a writ of habeas corpus under 28 U.S.C. § 2241, is the respondent Warden's motion for summary judgment (Doc. No. 10). Petitioner, Nolan Williams, through counsel, has objected (Doc. No. 17). Mr. Williams has claimed that the Federal Bureau of Prisons ("BOP") has violated the First Step Act ("FSA") by deeming him ineligible to earn FSA time credits during his 360-month sentence for his racketeering conviction, based on 6-month consecutive sentence for a judgment of conviction that he has not yet begun to serve.

    For reasons stated below, there are no material facts in dispute. Applying the pertinent statutes, considering the BOP's practice of aggregating consecutive sentence terms in similar circumstances, and persuaded by the reasoning of decisions in analogous cases, this court concludes that Mr. Williams's consecutive sentences are properly treated as one sentence, making

---

[1]Nolan Williams was an FCI Berlin prisoner when he filed this case. The petitioner is currently in the custody of the BOP Residential Reentry Management Center in Raleigh, North Carolina. <u>See</u> BOP Online Inmate Locator, https://www.bop.gov/inmateloc/ (last visited July 28, 2023).

him ineligible to earn any FSA time credits and warranting an order granting the Warden's summary judgment motion.

## **Habeas Relief and Summary Judgment**

A federal prisoner claiming to be "in custody in violation of the Constitution or laws or treaties of the United States" may petition for habeas relief. 28 U.S.C. § 2241(c)(3). The remedy has been traditionally available to prisoners challenging the BOP's computation of their sentences. See Thornton v. Sabol, 620 F. Supp. 2d 203, 206 (D. Mass. 2009). The petitioner bears the burden of proving that his continuing detention violates his federal rights. See Espinoza v. Sabol, 558 F.3d 83, 89 (1st Cir. 2009).

A district court ruling upon a petition for the writ of habeas corpus may hear motions for summary judgment. Whitaker v. Meachum, 123 F.3d 714, 716 (2d Cir. 1997). Summary judgment is appropriate when "'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" Bader v. Warden, No. 02-cv-508-JD, 2003 DNH 90, 2003 U.S. Dist. LEXIS 8955, at *8-9, 2003 WL 21228520, at *3 (D.N.H. May 28, 2003) (citations omitted), aff'd, 488 F.3d 483 (1st Cir. 2007). A "material fact" is one that has the "potential to affect the outcome of the suit." Cherkaoui v. City of Quincy, 877 F.3d 14, 23 (1st Cir. 2017) (citation and internal quotation marks omitted). A "genuine dispute" exists if a reasonable factfinder could resolve

the disputed fact in the nonmovant's favor.  Ellis v. Fidelity Mgt. Trust Co., 883 F.3d 1, 7 (1st Cir. 2018).

## Background[2]

### I. Criminal Proceedings

In May 1999, the U.S. District Court for the Eastern District of New York entered a judgment of conviction upon Mr. Williams's plea of guilty to racketeering, in violation of 18 U.S.C. § 1962. The court sentenced him to a 360-month term of imprisonment and a five-year term of supervised release.  See United States v. Williams, No. 1:97-cr-01146-ILG-4 (E.D.N.Y. May 13, 1999) (ECF No. 212) ("Williams I"); see also Doc. No. 10-3.

In January 2018, while he was serving his Williams I sentence, Mr. Williams was involved in an altercation with another prisoner. A grand jury indicted him on felony offenses, including assault causing serious bodily injury in violation of 18 U.S.C. § 113(a)(6), and possession of contraband in prison in violation of 18 U.S.C. § 1791(a)(2).  See United States v. Williams, No. 4:18-cr-00093-DAP (N.D. Ohio) ("Williams II").  Mr. Williams pleaded guilty.  In October 2018, the court in Williams II sentenced him to a 35-month sentence for the assault conviction to be served concurrently to his Williams I sentence, and to a 6-month sentence for the possession of contraband conviction to be served consecutively to his racketeering

---

[2] The background facts are undisputed, except as noted.

and assault terms of incarceration. See Williams II (N.D. Ohio Oct. 17, 2018) (ECF No. 11); see also Doc. Nos. 10-4, 10-5.

## II. First Step Act

In December 2018, Congress passed, and the President signed into law, the FSA,[3] which establishes a new sentence credit program that operates separately from the "good conduct" credits prisoners may accumulate. The FSA permits eligible prisoners to earn FSA "time credits" towards their sentences if they complete programs and activities to reduce their risk of recidivism. See 18 U.S.C. § 3632(d)(4). But not every prisoner can earn FSA time credits. The FSA contains "multiple eligibility requirements, including an extensive list of convictions that render a prisoner ineligible to earn time credits." Teed v. Warden, No. 1:22-CV-1568, 2023 WL 1768121, at *2, 2023 U.S. Dist. LEXIS 18963, at *4 (M.D. Pa. Feb. 3, 2023) (citing 18 U.S.C. § 3632(d)(4)(D)), aff'd, No. 23-1181, 2023 WL 4556726, 2023 U.S. App. LEXIS 18026 (3d Cir. July 17, 2023).

Neither racketeering nor Mr. Williams's assault conviction is listed as an offense that disqualifies a prisoner from earning time credits. But prisoners serving sentences for possession of contraband cannot earn time credits under the FSA:

> (D) **Ineligible Prisoners.** A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law:

---

[3] See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (enacted Dec. 21, 2018).

4

>           . . . .
>
>       (xxix) Section 1791 [18 U.S.C. § 1791], relating to
>       providing or possessing contraband in prison.
>
>           . . . .

18 U.S.C. § 3632(d)(4)(D)(xxix).

### III. Sentence Calculations

The BOP has calculated Mr. Williams's projected release date (January 9. 2024), by aggregating his concurrent and consecutive terms of incarceration into one 366-month sentence, and then calculating his good conduct sentence credits. See Sentence Monitoring Computation Data (Jan. 9, 2023) (Doc. No. 10-5). The BOP deems Mr. Williams to be ineligible to earn FSA time credits during any part of his sentence because of the contraband possession component of his sentence.

The statute cited by the BOP in aggregating Mr. Williams's sentence is 18 U.S.C. § 3584(c), which provides as follows:

> **(c) Treatment of multiple sentence [sic] as an aggregate.--** Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.

Id.

Mr. Williams asserts that if he had been allowed to earn FSA time credits and to have them credited towards his sentence, he would have been released more than a year ago, given the hours of rehabilitative programs and activities he has completed. The

5

specific question presented by Mr. Williams's § 2241 petition -- and the Warden's motion for summary judgment -- is whether the BOP permissibly interpreted 18 U.S.C. § 3632(d)(4)(D) as indicating that Mr. Williams was "serving a sentence" for a disqualifying offense, before the onset of his final 6-month term of incarceration imposed for his contraband possession conviction.

## Discussion

The BOP is the agency that administers the FSA's earned time provisions. See, e.g., 18 U.S.C. §§ 3621(h), 3632(d)(4)(A) & (C). When federal courts review an agency's construction of a statute that it administers, the agency's interpretation is reviewed "de novo," applying the "established principles of deference," beginning with the language of the relevant statute. Perez-Olivo v. Chavez, 394 F.3d 45, 48 (1st Cir. 2005).

The BOP maintains that it is the agency's duty and longstanding practice to treat "[m]ultiple terms of imprisonment ordered to run consecutively" as "a single, aggregate term of imprisonment" for "administrative purposes," 18 U.S.C. § 3584(c), including sentence credit calculations. See Chambers v. Warden Lewisburg USP, 852 F. App'x 648, 650 (3d Cir. 2021) ("The BOP was permitted to aggregate [petitioner's] otherwise-consecutive sentences into a single unit for purely administrative purposes, such as - at issue here - calculating [good conduct time credits] under 18 U.S.C. § 3624."); Chinnici v. Pelkie, No. 15-CV-124-SM, 2015 WL 4716233, at *1, 2015

U.S. Dist. LEXIS 103855, at *3 (D.N.H. July 16, 2015) (BOP aggregated petitioner's separately-imposed 90-month and 12-month terms of incarceration into a single sentence, before reducing the prisoner's good conduct time as a sanction for a disciplinary offense during his final year of incarceration), R&R approved, 2015 WL 4716233, 2015 U.S. Dist. LEXIS 103853 (D.N.H. Aug. 6, 2015). Here, the BOP aggregated Mr. Williams's consecutive terms of imprisonment to form a single sentence and concluded, in light of 18 U.S.C. § 3632(d)(4)(D)(xxix), that he is ineligible to earn any FSA time credits. Mr. Williams counters that two judgments of conviction have generated his consecutive sentence terms, which should be treated as two distinct sentences, so that he may earn time credits under the FSA for the duration of his racketeering sentence, even if he cannot accrue additional time credits during his final 6-month term of incarceration.

The consensus of the courts that have addressed claims like Mr. Williams's in analogous cases favors the BOP's position here, that the consecutive term of imprisonment for a disqualifying offense renders the prisoner ineligible to earn FSA time credits during any part of his sentence.[4] Reasoning that the BOP's sentence

---

[4] See, e.g., United States v. Bryant, No. 3:04-CR-00047, 2023 WL 4355053, at *4 (W.D. Va. July 5, 2023) ("Because Bryant is serving his . . . sentence [for his disqualifying conviction] as part of a single, aggregate term of imprisonment, he is statutorily ineligible to receive FSA time credits." (citations and internal quotation marks omitted)); accord Teed v. Warden Allenwood FCI Low, No. 23-1181, 2023 WL 4556726, at *1, 2023 U.S. App. LEXIS 18026, at *3-4 (3d Cir. July 17, 2023) (per curiam) (unpublished, non-

7

calculations and eligibility determinations are administrative functions, those courts have construed 18 U.S.C. § 3632(d)(4)(D) together with 18 U.S.C. § 3584(c), in finding that the BOP's construction of the statute is reasonable, consistently applied, and the appropriate subject of deference, or that a straightforward reading of the two statutes dictates the outcome. Compare Cortez, 2023 WL 4274957, at *2, 2023 U.S. Dist. LEXIS 112467, at *4 ("because Petitioner is in fact serving his [consecutive, disqualifying] sentence as part of his "single, aggregate term of imprisonment," he is statutorily ineligible to receive FSA time

---

precedential); Cortez v. Hemingway, No. 2:22-CV-12234, 2023 WL 4274957, at *2, 2023 U.S. Dist. LEXIS 112467, at *4 (E.D. Mich. June 29, 2023); Martinez v. Rosalez, No. 1:22-CV-1297-LY-DH, 2023 U.S. Dist. LEXIS 63578, at *11, 2023 WL 2904579, at *4 (W.D. Tex. Apr. 10, 2023) ("If a prisoner is serving multiple, consecutive sentences, and one such offense is among the FSA's enumerated disqualifying offenses . . . then the prisoner is ineligible to earn FSA time credits."), R&R approved, 2023 U.S. Dist. LEXIS 83519, 2023 WL 3441566 (W.D. Tex. May 12, 2023), appeal filed, No. 23-50406 (5th Cir. May 30, 2023); Ledford v. LeMaster, No. 23-30-DLB, 2023 U.S. Dist. LEXIS 52677, at *6, 2023 WL 2905376, at *2-3 (E.D. Ky. Mar. 26, 2023); Dahda v. Hudson, No. 23-cv-3008-JWL, 2023 WL 2815920, at *1-2, 2023 U.S. Dist. LEXIS 38141, at *2-4 (D. Kan. Mar. 7, 2023); Giovinco v. Pullen, No. 3:22-cv-1515, 2023 WL 1928108, at *2-3, 2023 U.S. Dist. LEXIS 22810, at *5-9 (D. Conn. Feb. 10, 2023), appeal filed, No. 23-251 (2d Cir. Feb. 27, 2023); Frommie v. BOP, 4:22-CV-04082, 2022 WL 18399537, at *2-5, 2022 U.S. Dist. LEXIS 236489, at *6-11 (D.S.D. Aug. 23, 2022), R&R adopted, 2022 WL 18399536, 2022 U.S. Dist. LEXIS 236490 (D.S.D. Nov. 30, 2022); Sok v. Eischen, No. 22-cv-458, 2022 WL 17156797, at *2-6, 2022 U.S. Dist. LEXIS 212513, at *6-15 (D. Minn. Oct. 26, 2022), R&R adopted, 2022 WL 17128929, 2022 U.S. Dist. LEXIS 212182 (D. Minn. Nov. 22, 2022); see also Crawley v. FCI Berlin Warden, No. 1:23-cv-00262-SE (D.N.H. July 7, 2023) (R&R) (ECF No. 3) (recommending dismissal of § 2241 petition because of consecutive sentence term imposed for disqualifying conviction).

credits"), with Giovinco, 2023 WL 1928108, at *2-3, 2023 U.S. Dist. LEXIS 22810, at *5-9 ("BOP's interpretation of section 3632(d)(4)(D) is reasonable in light of its long-standing obligation to aggregate sentences for administrative purposes" (footnote omitted)); see also Rose v. Yates, No. 222CV00214BSMPSH, 2023 WL 3198298, at *3, 2023 U.S. Dist. LEXIS 76553, at *6-7 (E.D. Ark. May 2, 2023) (noting BOP's history of applying § 3584(c) in assessing eligibility for sentence-reducing incentives under residential drug abuse treatment programs under 18 U.S.C. § 3621(e), in finding petitioner to be ineligible for FSA time credits because of his consecutive term of imprisonment for a disqualifying offense), R&R adopted, 2023 WL 3601186, 2023 U.S. Dist. LEXIS 90209 (E.D. Ark. May 23, 2023).

Mr. Williams is serving a sentence arising from two separate judgments, while the cited cases generally concern multiple convictions and sentence terms imposed through a single judgment. But the cases are not rendered inapposite for that reason. Section 3584(c) contains no statutory language that would restrict sentence-term-aggregation to cases involving only a single judgment of conviction. A different part of the same statute, 18 U.S.C. § 3584(a), manifests Congress's contemporaneous awareness that consecutive sentence terms may arise from single or multiple judgments of conviction, imposed at once or at different times.[5]

---

[5] The cited provision, 18 U.S.C. § 3584(a), states as follows:

> **(a) Imposition of concurrent or consecutive terms**. If multiple terms of imprisonment are imposed on a defendant at

Congress could have enacted a statute which explicitly states that only those multiple terms of imprisonment imposed at the same time are to be aggregated. The absence of such limiting language places all consecutive or concurrent terms of incarceration like Mr. Williams's within the scope of § 3584(c).

Mr. Williams asks this court to follow the lead of cases concerning sentence reductions under 18 U.S.C. § 3582(c)(2), which a court may order if the Sentencing Guidelines range has changed since the criminal defendant was sentenced. See, e.g., United States v. Parker, 472 F. App'x 415, 417 (7th Cir. 2012) (defendant ineligible for sentence reduction following retroactive Guidelines amendment that impacted only the expired part of his sentence). In those cases, courts have treated consecutive terms of imprisonment as distinct sentences.

The First Circuit has succinctly explained why 18 U.S.C. § 3584(c) does not require the district court to aggregate the criminal defendant's consecutive sentences in such cases:

> Section 3584(c) does not support [the criminal defendant's] position because it specifies that aggregation is "for administrative purposes," and the issue at hand is judicial, not administrative. The BOP is responsible for administration of sentences. A sentence reduction under § 3582(c)(2), on the other hand, involves discretionary decision-making by the district court and cannot be described as administrative.

---

the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . .

18 U.S.C. § 3584(a).

10

United States v. Vaughn, 806 F.3d 640, 643-44 (1st Cir. 2015) (citing United States v. Wilson, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.")).

At issue here are BOP decisions affecting Mr. Williams's release date based on his sentence credits and determinations regarding his eligibility to earn time towards shortening his time in BOP custody. Those actions serve administrative purposes in the BOP's execution of Mr. Williams's sentence. Vaughn and similar cases regarding sentence reductions under § 3582(c)(2) do not support the petitioner's arguments.

Mr. Williams also argues that § 3584(c)'s reference to "administrative purposes" limits the scope of that statute to the BOP's sentence computations, and not to program eligibility decisions. But that argument finds no support in the statutory language or in any cases concerning similar circumstances. See, e.g., Moreno v. Ives, 842 F. App'x 18, 21-22 (9th Cir. 2020) ("no such limit exists in the language of the statute, and other courts have recognized that the statute applies to all administrative determinations made by BOP").

Mr. Williams argues that the court should apply the rule of lenity to § 3632(d)(4)(D) in considering his eligibility to earn time credits under the FSA. Even if this court were to assume that

11

§ 3632(d)(4)(D) the rule of lenity could apply in these circumstances, cf. Perez-Olivo, 394 F.3d at 53 (doubting applicability of rule of lenity to BOP's implementation of good conduct time statute), this court notes that "'the rule of lenity applies only if, after seizing everything from which aid can be derived, we can make no more than a guess as to what Congress intended.'" Id. Here, no such uncertainty exists, with respect to the applicability of § 3584(c) in Mr. Williams's circumstances and the effect upon his eligibility for FSA earned time credits under § 3632(d)(4)(D), in light of the statutes' terms, the BOP's reasonable interpretation, and the pertinent cases. Accordingly, the district judge should grant the Warden's motion, deny the petition, and close this case.

## Conclusion

For the foregoing reasons, the district judge should grant the Warden's motion for summary judgment (Doc. No. 10), deny the petition (Doc. No. 1), and direct the clerk's office to enter judgment and close the case. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. The objection period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections "'are subject to review in the

district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 1, 2023

cc: Craig E. Francis, Esq.
    Heather A Cherniske, Esq.